IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-00179 (JMC) |
| : | The Hon. Jia M. Cobb |
| LEON LIPSCOMBE, : | Sent. Date: January 3, 2024 |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Leon Lipscombe, by and through his counsel, Brian K. McDaniel and The Cochran Firm, CDCRS, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On January 12, 2023, Defendant Leon Lipscombe appeared before this Court and entered a plea of guilty to Count One of the Indictment charging him with Distribution of Child Pornography in violation of 18 U.S.C. Section 2252(a)(2). The parties agree that this Count is attended by a mandatory minimum sentence of 5 years of imprisonment and a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, a term of supervised release of at least 5 years but not more than life, and mandatory restitution under 18 U.S.C. Section 3663A. The conduct outlining the basis for Mr. Lipscombe's conviction in outlined in the presentence investigation report at paragraphs 9 through 14 and it recites the Defendant's participation in the exchange of pornographic material with a MPD undercover officer and a separate individual that

included images of minor children. Law enforcement, in connection with their investigation into media sites which promote the exchange of child pornography, developed Mr. Lipscombe as a target. After making contact with Mr. Lipscombe over one of the sites, the UC and Mr. Lipscombe exchanged text messages which ultimately resulted in Mr. Lipscombe's provision of media material which was attended by the prohibited images.

Mr. Lipscombe will now appear before this Court to be sentenced. The central issue before this Court is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case. See 18 U.S.C. § 3553(a). Mr. Lipscombe respectfully submits that a sentence of 96 months of imprisonment followed by a five-year period of supervised release would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Lipscombe asks the Court to consider the following: (1) prior to his arrest, Mr. Lipscombe did not have any other adult convictions and as a result he falls within Criminal History Category I; (2) as outlined in the presentence investigation report, Defendant did not enjoy the emotional support of either of his biological parents and did not feel free to express himself in any meaningful way during his childhood; (3) as a result of this and other influences, Defendant experienced long bouts of depression as an adult, which culminated in his development of suicidal ideation and poor self-concept. This manifested in his attempt to identify ways to create his own world in which he was accepted and valued by others. In light of these and other factors discussed herein, counsel respectfully requests that this Court adopt the sentencing recommendation of U.S.

Probation officer Ms. Kelli Willett who recommended a sentence of incarceration of 96 months to be followed by 5 years of supervised release in her report.

I. **The Advisory Sentencing Range**

The Presentence Investigation Report outlines the proposed offense level calculation at paragraphs 21 through 31 of the report. The parties agree that the guidelines for 18 U.S.C. §2252(b) are determined by USSG §2G2.2(a)(2). With the addition of the Specific Offense Conditions attending the conduct of Mr. Lipscombe and the three offense level reduction for his acceptance of responsibility, Mr. Lipscombe agrees that his final and Total offense level is 34. With a Criminal History Category calculation of column I, the attending guideline range is 151 to 188 months of Incarceration.

II. **The Other § 3553 Factors**

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the

need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 96-month sentence which Mr. Lipscome humbly asks this Court to consider.

    **A.**    *The nature and Circumstances of Mr. Lipscombe's Offense*

Defendant is clear that this Court is concerned about the facts which underlie the count of conviction in this matter and specifically the harm which is visited upon minor children in connection with the production of this type of material. Given the absence of any previous period of incarceration, the two and a half year period that Mr. Lipscombe has spent in the District of Columbia Jail has already highlighted the importance of compliance with the law and the reality that, a failure to so comply, can and will result in his being removed from the community. The factual statements which have been proffered by the government in support of the change of plea and that are restated in the presentence investigation report, recount a story which is concerning indeed. However, the defense asks this Court to consider the context in which these events took place and the long-established history of mental health concerns that have formed Mr. Lipscombe's adolescent and adult life. While the acts of the Defendant warrant a significant sentence, counsel requests that this Court weigh the affect of a sentence beyond the 96-<u>months</u> which is being requested on the ability of Mr. Lipscombe to navigate a jail sentence and to be able then to return to the community well-adjusted and with the tools necessary to become a contributing member of the community. In this context, the sentence of 96 months which is being

requested by Probation and the Defense is sufficient to meet the 18 U.S.C. §3553 factors outlined above.

### B.     *The History and Characteristics of Mr. Lipscombe*

The history and characteristics of Mr. Lipscombe support the sentence which the Defendant through his counsel requests this Court to adopt. While Mr. Lipscombe appears to have been cared for by his mother during his formative years, he has acknowledged that his emotional development was frustrated as a result of the emotional unavailability of both his mother and his father. This emotional distress which was born of his distant relationship with his parents resulted in adolescent-onset depression. Mr. Lipscombe witnessed weekly bouts of domestic violence visited upon his mother by his stepfather, who he did not learn was not his biological father until he was eight years old. This along with his struggles at school resulted from his unaccepted sexuality and physical form, led to an extremely unpleasant period of growth. His depression in turn gave rise to self-harm and the development of anti-social behaviors which included the activities for which he will now be sentenced. The sentence recommendation of probation reflects a consideration of all of the developmental factors that have contributed to the decision making of the Defendant. Mr. Lipscombe through his counsel, does not highlight these difficulties to in any way avoid responsibility for the decisions and actions which he has undertaken. The desire is for the Court to understand the context in which these decisions and actions were formulated. Mr. Lipscombe has had time to think more deeply about the underlying effect of this material on the youth who were abused and misused in their creation. He has had an opportunity to think about how his actions have contributed to a climate in which this material has proliferated. He has communicated to this counsel that he understands that it

is the demand for this type of material that creates the motivation for its' creation. He has identified the fact that he is in need of continued psychological counseling, which would allow him to develop models for life, thereby decreasing the need for this type of outlet. While Mr. Lipscombe has received some counseling in connection with his mental health concerns, this has not resulted in the resolution of his depression for which even now he is receiving prescription medication. While this context in no way excuses the troubling behavior for which Mr. Lipscombe now awaits sentencing, this Court can consider this backdrop in weighing the amount of time that Mr. Lipscombe should be incarcerated. Mr. Lipscombe has lived 29 years without incurring a criminal conviction, he is highly educated and has remained intermittently employed throughout his adult life. Mr. Lipscombe is genuinely remorseful for the actions which he has taken in this case and the harm that has resulted to the minor victims.

We respectfully submit that these considerations, and the entirety of Mr. Lipscombe's history and personal characteristics, weigh in favor of the 96-month sentence which has been proposed.

**C.**     ***The Need to Provide Restitution to Any Victims***

The parties are currently in discussions regarding the appropriate amount of restitution in this matter.

**D.**     ***The Purpose of Federal Sentencing***

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Mr. Lipscombe respectfully asks this Court to impose a

sentence of 96 months of imprisonment, followed by a five-year period of supervised release.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Lipscombe understands that he has been convicted of a serious felony offense. He is ashamed of this conduct which has resulted in him being exposed to the sentence which the Court is currently contemplating. He respectfully submits that the sentence proposed by the Defense and probation provides "just punishment" for his conviction, when the court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." Ninety-Six months of incarceration will send a clear message of deterrence to any one who might consider the commission of a similar offense. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." In light of the very real and extended sentence that Mr. Lipscombe is facing, his having never been arrested prior to these events, and his age, he is as deterred from criminal activity as he could possibly be. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Lipscombe presents before the Court prepared to be sentenced. We respectfully submit that a sentence of 96-months is fully consistent with the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm CDCS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793

*Counsel for Leon Lipscombe*